UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM ROKUSON

                               Plaintiff,

- against -

CENTURY EMPIRE SZECHUAN RESTAURANT INC.,
HELEN (LAST NAME UNKNOWN) *Individually,*
AND EMPIRE KING, INC.

                               Defendants.
-----------------------------------------------------------------X

Civil Action No.
12-CV-1615

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ALL CLAIMS OF PLAINTIFF PURSUANT TO RULE 12B(6) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, RULE 12B(7) FAILURE TO JOIN A PARTY

Respectfully Submitted,

By: _____
Heng Wang, Esq.
*Attorney for Defendants*
7 Mott Street, Suite 600
New York, NY 10013
Tel: (646)543-5848
Fax: (646)5722-8998

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................4

PRELIMINARY STATEMENT..........................................................................................6

STATEMENT OF FACTS...................................................................................................6

    I. Factual Background..................................................................................................6

    II. Procedural Background............................................................................................7

STANDARD OF REVIEW..................................................................................................7

    I.    Federal Rules of Civil Procedure 12(b)(6).............................................................7

    II. Federal Rules of Civil Procedure 12(b)(7)..............................................................8

ARGUMENT........................................................................................................................9

    I. DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)....................................................9

        A. Relation Back of Amendment..........................................................................10

            1. Plaintiff had notice of Empire King based on Deposition Of Defendants..........................................................................................11

            2. Plaintiff had notice of Empire King based on Defendants' Motion for Summary Judgment..................................................................................................13

    II. DISMISSAL UNDER FED. R. CIV. P. 12(b)(7)..................................................15

CONCLUSION..................................................................................................................17

TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal
556 U.S. 662 (2009)..................................................................................7-8

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)....................................................................................8

Fowler v. UPMC Shadyside
578 F.3d 203 (3d Cir. 2009).......................................................................8

Phillips v. County of Allegheny
515 F.3d 224 (3d Cir. 2008).......................................................................8

Provident Tradesmens Bank v. Patterson
390 U.S. 102 (1968)...................................................................................8

ConnTech Dev. Co. v. University of Conn.
102 F.3d 677 (2d Cir. 1996).......................................................................9

Kontrick v. Ryan
540 U.S. 443 (2004)...................................................................................6

Hedges v. U.S.,
404 F.3d 744, 750 (3d Cir. 2005)...............................................................7

Ghartey v. St. John's Queens Hosp.
869 F. 2d 160, 162 (2d Cir. 1989)..............................................................9

Cornwell v. Robinson
23 F.3d 694 (2d Cir 1994).........................................................................10

Pan-Am. World Airways, Inc. v. Vetements, Inc.
08-CV-5480, 2010 WL 3632732, at *3 (S.D.N.Y. Sept. 16, 2010) (Holwell, J.)

..................................................................................................................15

New York v. Gutierrez
08-CV-2503, 2008 WL 5000493, at *14 (E.D.N.Y. Nov. 20, 2008) (Sifton, J.)
..................................................................................................................15

**Statutes**

29 U.S.C. §255 (2011) ...............................................................................................9

N.Y. Executive Law § 297.........................................................................................9

N.Y. Comp. Codes R. & Regs. Tit 8 § 8-402(b)........................................................9

**Rules**

Fed.R.Civ.P. 12(b) ..........................................................................................7-9, 14-15

Fed. R. Civ P. 15(c)...............................................................................................10, 14

Fed. R. Civ P. 19....................................................................................................8-9, ,15

## PRELIMINARY STATEMENT

A former delivery driver alleges that the resturant that he worked for and his manager reduced his hours after he missed three weeks of work due to back pains and sciatica nerve damage. He asserts state and local claims of violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and a federal claim of violations of the Family Leave Act ("FMLA"), arising from the reduction of his work hours.

## STATEMENT OF FACTS

### I.   Factual Background

According to New York State Department of State records, Defendant Century Empire Szechuan Restaurant, Inc. ("Century") was a New York corporation that dissolved in 2000. Dkt. 18-2. In March of 2009, East 555, Inc. ("East") purchased Century. East operated the restaurant from March 2009 to January 2012. Dkt. 16-3, Decl. of Peter Lau ("Lau Dec.") ¶ 1. In January 2012, Empire King, Inc. ("King") purchased East. Dkt. 16-2, Decl. of Min Feng Liu ("Liu Dec.") ¶ 2. Plaintiff, Adam Rokuson, was an employee of Empire Szechuan prior to East's acquisition of Empire in 2009. East continued to employ Plaintiff and subsequently, King continued to employ Plaintiff after their acquisition of East in 2012. Dkt. 19-5, Decl. of Yu Zhang ("Zhang Dec.") ¶ 1-3.

In or about January 2012, Plaintiff requested time off. Zhang Dec. ¶ 3. Defendants on several occasions communicated to Plaintiff, through another manger or another delivery driver, that the position remained opened for him, sent him well wishes and a get well card with money, and thoughtfully advised him to restrain from excessive drinking. Zhang Dec. ¶ 48.

In or about early February 2012, Plaintiff returned to work. Defendants, worried about Plaintiff's health, again told him to resume work slowly and assured him that he could take as much

time as he needed to fully recover. Zhang Dec. ¶ 50. Plaintiff returned to work for one day, thereafter, he failed to report to work. Defendants attempted to contact the plainitff by several means, asking him to return to work, but was informed that the plaintiff no longer wished to work. Zhang Dec. ¶ 52-53.

## II. Procedural Background

Plaintiff Adam Rokuson, filed this action on April 3, 2012 naming Century Empire Szechuan Restaurant, Inc. and Helen as defendants, asserting that his hours were wrongfully reduced in February 2012 in violation of the FMLA and further state and local laws. *See* Dkt. 1, Complaint against all Defendants. Plaintiff alleges that he took leave from his employment owing to a medical illness, that he was entitled to the protections of the FMLA, the NYSHRL, and the NYCHRL, and that the defendants violated these laws. Id.

On May 5, 2015, Plaintiff filed his Amended Complaint; joining King as an additional Defendant. *See* Dkt. 25, Amended Complaint against Empire King Inc. On June 3, 2015, Defendants filed an Answer to Plaintiff's Amended Complaint, raising the statute of limitations as an affirmative defense. *See* Dkt. 30, Answer to Amended Complaint. Since, this Court did not address the statute of limitations issue, on July 14, 2015 Defendants filed a letter regarding a Statute of Limitations issue with the Court. *See* Dkt. 35, Letter regarding Statute of Limitations. A Status Conference took place on July 27, 2015 in which the Court allowed Defendants to file a Motion to Dismiss. *See* Dkt. 37.

## STANDARD OF REVIEW

### I. Federal Rules of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." Ashcroft v. Iqbal, 556, U.S. 662, 678 (2009)(internal quotation marks omitted). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The question in a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Iqbal, 129 S. Ct. at 1953 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).

First, under the Twombly/Iqbal standard, a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1950).

Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

    II.  Federal Rules of Civil Procedure 12(b)(7)

Under Fed. R. Civ. P. 12(b)(7), a motion to dismiss must be granted if one fails to join a party under Fed. R. Civ. P. 19. Fed. R. Civ. P. 19 in turn, sets forth a two-step test for determining whether the court must dismiss an action for failure to join a party.

First, the court must determine whether an absent party belongs in the suit, i.e., whether the party qualifies as a "necessary" party under Rule 19(a). *See* Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 124, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Second, the court must finally determine whether the party is "indispensable." If the court determines that a

party is indispensable, then the court must dismiss the action pursuant to Rule 19(b). *See* ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc., 102 F.3d 677, 681–82 (2d Cir.1996) (citing Patterson, 390 U.S. at 108–25, 88 S.Ct. 733).

These and other issues presented herein are questions of law that can and should be decided on a motion to dismiss.

## ARGUMENT

I. DISMISSAL UNDER FED. R. CIV. P. 12(b)(6) – EXPIRATION OF STATUTE OF LIMITATIONS

With respect to the statute of limitations issue, "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a ... motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted ..." Ghartey v. St. John's Queens Hosp. 869 F. 2d 160, 162 (2d Cir. 1989).

In this instance, the FMLA has a two-year statute of limitations, or three years in the event of a willful violation. 29 U.S.C. § 255 (2011). The NYSHRL and NYCHRL also has a maximum statute of limitations of three-years. *See* N.Y. EXECUTIVE LAW § 297; N.Y. COMP. CODES R. & REGS. tit 8, § 8-402(b).

Plaintiff claims the alleged disparate treatment by Defendant(s) occurred at the latest, in February of 2012. *See* Amended Complaint, Dkt. No. 25 ¶13, 22-23, 28-30. Plaintiff filed his initial Complaint on April 3, 2012, naming Empire and Helen as Defendants. *See* Complaint, Dkt. No. 1. Subsequently, Plaintiff filed an Amended Complaint and joined Defendant King for the first time on May 5, 2015. *See* Exhibit A, Dkt. No. 25.

Plaintiff only joined King after the expiration of the applicable statute of limitations. Plaintiff may have previously been able to name King as an additional defendant without being barred from doing so. However, Plaintiff failed to timely do so. Now that the statute of limitations has completely expired, even beyond the three-year period afforded to a Plaintiff in the event of an alleged willful violation, Plaintiff should be barred from now joining King as a Defendant.

### A. Relation Back of Amendments

The doctrine of relation back of Amendments is governed by Fed.R.Civ.P. 15(c). At the time this action was commenced, Rule 15(c) provided, in pertinent part, as follows:

> "An amendment to a pleading relates back to the date of the original pleading when… the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) **knew or should have known** that the action would have been brought against it, **but for a mistake concerning the proper party's identity**.." (emphasis added).

The Second Circuit has held in Cornwell v. Robinson, that "[t]he requirement that a new Defendant "knew" he was not named due to a mistake concerning identity **presupposes** that in fact **the reason** for his not being named was a **mistake in identity**." 23 F.3d 694, 704-705 (2d Cir. 1994) (emphasis added). Therefore, the relation back doctrine would *not* be appropriate with an amendment naming a new Defendant when that Defendant's identity was previously known to the Plaintiff and that the Plaintiff *by choice* did not name the new Defendant in her original Complaint.

In Cornwell, the Plaintiff only joined the new Defendant after the expiration of the applicable statute of limitations. The Plaintiff had personal knowledge of the alleged Defendants who discriminated against her. The Plaintiff was not required to sue the new Defendant and did not do so in her original Complaint. As a result, the Court ruled that her not suing the new Defendant was a "matter of choice, not a mistake." Id. at 705. Ultimately, the Court held that "…the amended complaint was not timely and under Fed.R.Civ.P. 15(c) could not, with respect to the individual appellants, be held to relate back to the date of the original complaint because they were not named as defendants in the original complaint." Id. at 703.

Similar to Cornwell, here, there was no issue of a mistake on Plaintiff's concerning the proper party's identity. Plaintiff has had more than adequate notice of King's existence and of King's relationship to this action. Plaintiff received such notice from two different sources: information obtained during a January 2013 deposition and information obtained from the supporting documents submitted by Defendants with its motion for summary judgment.

### 1. Plaintiff had notice of Empire King based on the Deposition of Defendants

Defendants provided King's identity to Plaintiff years ago, well in advance of the expiration of the statute of limitations. In fact, Yu Zhang (hereinafter "Zhang"), a defendant in this action, was deposed by Plaintiff's counsel on January 24, 2013. In that deposition, Zhang's answers provided more than adequate notice to Plaintiff of King's existence and of its relevance to the underlying causes of action. Such notice is demonstrated by the following excerpts from the deposition transcript:

> Q: Ms. Zhang, what's your position with Century Empire Szechuan Restaurant?
> A: Manager
> …
> Q. Is Century Empire Szechuan Restaurant the formal name of the corporation?
> A. **No, I don't think so. This is the old name.**

> Q. You said the old name?
> A. The name for it previously.
> Q. What is the name of the restaurant now?
> A. Are you talking about the company name or?
> Q. Or what?
> A. What period of time? What year are you talking about?
> Q. Currently
> A. The Company I work for?
> Q. Yes
> A. You talking about right now the company name that I work for?
> Q. Yes
> A. **Empire King Inc.**
> ...
> Q. The corporation, the registered name, **Empire King Incorporated**, it does business as Empire Szechuan, correct?
> A. Yes
> Q. Okay. But **Empire King Incorporated** has only been doing business as Empire Szechuan since January 26, 2012, correct?
> A. Yes
> Q. So, prior to January 26, 2012, what was the name of the corporation that was doing business as Empire Szechuan?
> A. It's called East 555 Inc.
>
> *See* Exhibit B: Interview with Yu Zhang in N.Y., New York (Jan. 24, 2013) (emphasis added).

Zhang's deposition responses specifically states that Empire is and has been the Employer Company to Ms. Zhang since January 26, 2012. The above excerpts provided more-than- adequate notice to Plaintiff of the existence and relevance of King to this litigation since January 24, 2013. In this situation Plaintiff had knowledge of and opportunity to join King as a Defendant but made an explicit choice not to do so.

### 2. Plaintiff had notice of Empire King based on Defendants' Motion for Summary Judgment

Defendants provided King's identity to Plaintiff in as early as March of 2013, when Defendants filed their first Motion for Summary Judgment ("March Motion"). Defendants subsequently filed a second Motion for Summary Judgment on May 3, 2013 ("May Motion"), and a third on July 12, 2013 ("July Motion"). Exhibited within the Motions, are Declarations and affidavit statements, which revealed the identity of King as the purchaser of East in January of 2012.

In the Declaration of Min Feng Liu ("Liu"), Liu states,

> "**Empire King, Inc.** is the owner of Empire Szechuan Restaurant…In January 2012, **I purchased** the Restaurant [Empire Szechuan Restaurant] from Peter Lau and incorporated the restaurant under **Empire King, Inc.**…" (*See* Exhibit C: Decl. of Min Feng Liu, Dkt. No. 16-2, p. 1; Decl. of Min Feng Liu, Dkt. No. 19-3, p. 1) (emphasis added).

In the Declaration of Peter Lau ("Lau"), Lau states,

> "At the end of 2011…[I] made the decision to **sell the Restaurant [East]**…**Empire King, Inc.** offered to purchase the Restaurant. In October 2011, we signed an agreement of sale and in January 2012, closing was held, thereby transferring ownership of the Restaurant to **Empire King**…" (*See* Exhibit D: Decl. of Peter Lau, Dkt. No. 16-3, p. 2; Decl. of Peter Lau, Dkt. No. 19-2, p. 2) (emphasis added).

In the Declaration of Yu Zhang ("Zhang"), Zhang states,

> "In early January 2012, the Restaurant underwent an **ownership change**. East 555, Inc. under the ownership of Peter Lau sold the restaurant to **Empire King, Inc.** under the ownership of Min Feng Liu…The plaintiff requested time off from work after the Restaurant was sold to **Empire King, Inc.**" (*See* Exhibit E: Decl. of Yu Zhang, Dkt. No. 19-5, p. 1) (emphasis added).

The Exhibit of the Buy-Sale Agreement attached to the May Motion and the July Motion shows the transfer of East to King. (*See* Exhibit F; *See* Dkt. No. 16-2; Dkt. No. 19-4). This document establishes King as the owner of the Restaurant in which Plaintiff was employed.

Finally, contained within the March, May, and July Motions, Defendants repeated the true identity of Empire King as the owner of the Restaurant in which Plaintiff remained employed. Defendants filed these three Motions with the Court, where it remained on record. It is the responsibility of Plaintiff's counsel to review the evidence and conduct their due diligence. (*See e.g.,* Exhibit H, Memorandum of Law, Dkt. No. 12, p. 5. "In January 2012, East 555, Inc. sold the Restaurant to Min Feng Liu. Liu Incorporated the Restaurant under **Empire King, Inc**…**Empire King, Inc.** continued to operate the business as a take-out Chinese restaurant…" (*See* Exhibit I, Statement of Undisputed Facts, Dkt. No. 18-1, p. 1; *see also* Exhibit J, Statement of Undisputed Facts, Dkt No. 15) (emphasis added).

In light of the extensive evidence brought to light, it should be apparent that Plaintiff was aware of King's identity. In line with Cornwell, here, Plaintiff made no mistake in not including Defendant King in its original pleadings. Rather, Plaintiff made a deliberate choice not to include King until after the expiration of the applicable statute of limitations. As a result, the relation back doctrine of Fed. R. Civ. P. 15(c) does not apply.

Here, the claim against King is time barred by all applicable statute of limitations. For these reasons, Defendants request that the Court rule on a 12(b)(6) motion to dismiss the claims against King based based on statute of limitation grounds.

II. DISMISSAL UNDER FED. R. CIV. P.12(b)(7) – FAILURE TO JOIN REQUIRED PARTY

Both prongs of Fed. R. Civ. P. 19 *are* satisfied. *See* Exhibit : Memorandum and Order, Dkt. No. 23 p. 5. A Party is "necessary" and "indispensable" under Rule 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties…" *See* Fed. R. Civ. P. 19(a)(1)(A).

Here, according to the New York State Department of State's Division of Corporations, Century no longer exists. *See* Exhibit G; Dkt. 18-2. King owns the business operation concerned in this dispute. Liu Decl. 1. The events Plaintiff complains of occurred after King's purchase of Empire. The events Plaintiff complains of occurred after King's purchase of Empire. Furthermore, failure to require King's joinder creates the possibility of a duplicative action against King in another forum. *See, e.g.*, Pan-Am. World Airways, Inc. v. Vetements, Inc., 08-CV-5480, 2010 WL 3632732, at *3 (S.D.N.Y. Sept. 16, 2010) (Holwell, J.) (requiring joinder where the joined parties were "too closely intertwined" with plaintiffs claims and where there was potential for duplicative actions if they were not joined); *see also* New York v. Gutierrez, 08-CV-2503, 2008 WL 5000493, at *14 (E.D.N.Y. Nov. 20, 2008) (Sifton, J.) (requiring joinder of interstate commission as defendant where, because commission regulated some of the territory concerned in the dispute, the court could not provide full relief in the commission's absence).

As decided by this Court in its Memorandum and Order dated March 2015, "King is [] a necessary party to this action…" and "[i]n King's absence as a named defendant, the Court will be

unable to accord complete relief among the parties." *See* Exhibit K, Memorandum and Order, Dkt. 23, p. 6-7. For these reasons, King is a necessary Party under Rule 19. Failure to join King mandates dismissal of the entire action pursuant to Rule 12(b)(7).

## CONCLUSION

For the reasons set forth above, Defendants respectfully requests that the Court dismiss the Complaint.

Dated:   New York, New York
         August 11, 2015

                                           Respectfully Submitted,

                                           By: _____
                                           Heng Wang, Esq.
                                           *Attorney for Defendants*
                                           7 Mott Street, Suite 600
                                           New York, NY 10013
                                           Tel: (646)543-5848
                                           Fax: (646)5722-8998